UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRAVON R. RHODES                                                                                          PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:14-cv-764-CWR-FKB

CAPTAIN DON SMITH                                                                                      DEFENDANT

REPORT AND RECOMMENDATION

This cause is before the undersigned for a report and recommendation as to the Motion to Dismiss for Failure to Exhaust filed by Defendant [16].  For the following reasons, the undersigned recommends that the motion be granted and that Plaintiff's Petition for Writ of Habeas Corpus [1] be dismissed without prejudice.

Plaintiff pleaded guilty in the Circuit Court of Madison County, Mississippi, to sale of hydrocodone with acetaminophen (Count I) and sale of a counterfeit substance (Count II) in Cause No. 2013-0439, as well as sale of cocaine (Count I) and another charge of sale of hydrocodone with acetaminophen (Count II) in Cause No. 2013-0440. On December 9, 2013, the Madison County Circuit Court sentenced Plaintiff to twelve years on Count I and five years on Count II in Cause No. 2013-0439, with the sentences to be run concurrently with each other. [16-1]. In Cause No. 2013-0440, the Madison County Circuit Court imposed a twenty-year, suspended sentence on each count, Counts I and II, to be run concurrently with each other and consecutively with the sentences in Cause No. 2013-0439. *Id*. The state court also sentenced Plaintiff to five years post-release supervision. *Id*.

Although Plaintiff claims that he sought post-conviction relief in state court [12], Defendant contends that there is no record of his having filed such a petition in state court. [16]

1

at 4. Plaintiff failed to respond to Defendant's Motion to Dismiss for Failure to Exhaust [16] and presented no support for his claim that he has filed a post-conviction relief petition in state court.

Plaintiff now seeks federal habeas relief and in his initial petition stated the following grounds for relief:

> GROUND ONE: I was set-up, and I only sold to him 2 times after he called me.
>
> GROUND TWO: They charged me 4 times instead of 2.

[1]. A third ground for relief is illegible. *Id*. at 8. Plaintiff later clarified his claims, asserting that he was wrongfully convicted because law enforcement utilized a confidential informant they were not permitted to use. [12]. Plaintiff also claims that he received ineffective assistance of counsel. *Id*.

Applicants seeking federal habeas relief under Section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). Section 2254(b)(1) provides in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>     (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)(i)    there is an absence of available State corrective process; or
>
>         (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  To satisfy the exhaustion requirement of Section 2254(b)(1), a habeas petitioner "must fairly present the substance of his federal habeas claim to the highest state court."  *Ries v. Quarterman,* 522 F.3d  517, 523 (5th Cir. 2008).  A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under Section 2254.  *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

      Plaintiff has an available state court remedy.  He may utilize the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1, *et seq*.  Specifically, Section 99-39-5 provides in pertinent part:

> (2)    A motion for relief under this article shall be made...in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

As noted *supra*, though Plaintiff claims in his amended petition to have filed for post-conviction relief, he has failed to present any evidence in support of his claim. In his initial petition, Plaintiff indicated that he had ***not*** raised the issues presented in this case through a post-conviction motion in state court. [1] at 5, 7.  Because exhaustion is a mandatory prerequisite for federal review, Plaintiff must present his claims to the state's highest court in order to provide the state courts with a fair opportunity to consider and pass upon the claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  Until such time, the claims are unexhausted and may not be considered by this Court.

      Plaintiff has not requested that this case be held in abeyance while he exhausts, and the Court finds that no "good cause" has been shown to do so.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).  Plaintiff is hereby warned that the filing of the instant habeas corpus petition ***did not toll*** the one-year federal statue of limitations prescribed in 28 U.S.C. § 2244(d).  Plaintiff is

3

warned that he must act diligently in exhausting his state court remedies.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636.

Respectfully submitted, this the 2nd day of June, 2015.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE
